FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 FEB 18 PM 3: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

JAMES H. COLE, et al., }
    }
    Plaintiffs, }
    }     CIVIL ACTION NO.
vs. }
    }     CV 97-0130-M
WASHINGTON NATIONAL }
INSURANCE, et al., }
    }
    Defendants. }

ENTERED

FEB 18 1997

**MEMORANDUM OPINION**

The court has before the motion of plaintiffs to remand the above-entitled action. Having entertained oral argument, this court determines that plaintiffs' motion is due to be granted.

Plaintiffs argue that federal diversity jurisdiction does not exist because their present inclination is that the case is not worth more than $50,000.00. However, plaintiffs concede that the value of the action may change as circumstances warrant. Plaintiffs borrow from *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994), the assertion that they will not seek more than $50,000.00 unless "upon worsening health condition of [plaintiffs], or perhaps greater punitive damages would be justifiable if facts discovered during the litigation showed a more sinister or oppressive character." *Id.* at 1094. The Eleventh Circuit has not yet created a presumption that every

1

tort complaint filed in an Alabama court, with or without a specified ad damnum, carries with it the expectation of an enormous recovery.

Plaintiffs are asking this court to let the fox guard the hen house. They assert that their action does not presently appear to be worth more than $50,000.00, and therefore, that it should be sent back to state court. In the event of a remand, plaintiffs want this court to trust them to monitor the potential for recovery of damages in excess of $50,000.00. They indicate that discovery should yield the answer with respect to any increase in damages beyond $50,000.00 before the expiration of the one year time limit for diversity removability.

Because federal courts are courts of limited jurisdiction, and because plaintiffs are the masters of their own claim, this court determines that this action is due to be remanded for absence of the requisite amount in controversy provided by 28 U.S.C. § 1332. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n.7, 107 S. Ct. 2425, 2429 & n.7 (1987); *see also* Wright, Miller & Cooper, 14A Federal Practice and Procedure 2d § 3702 (1996). However, if plaintiffs do not formally and unequivocally agree by December 12, 1997, that they will not seek or accept over $50,000.00, this remand order will be without prejudice to the case being removed again.

There is another defect in subject matter jurisdiction which may or may not be reparable. Defendant, Samuel McNeely was alleged in the complaint to be an Alabama resident. Removing defendants have not as yet met their burden of proving by a preponderance of the evidence the actual residence and citizenship of McNeely. An affidavit to the effect that he is not a resident or citizen of Alabama may not be enough. This question becomes academic in view of the other jurisdictional defect.

DONE this 18th day of February, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT